UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASON BELTZ AND KELLY BELTZ,

    Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK N.A. (successor by acquisition of Wachovia N.A. and World Savings Bank; and NBS DEFAULT SERVICES, LLC.,

    Defendants.

No. 2:15-cv-01731-TLN-CKD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court pursuant to Defendants' Wells Fargo Home Mortgage, and Well Fargo Bank N.A. (successor by acquisition of Wachovia N.A. and Work Savings Bank) (hereinafter "Wells Fargo"), and NBS Default Services, LLC's ("NBS") (collectively "Defendants") Motion to Dismiss. (ECF No. 20.) Plaintiffs Jason and Kelly Beltz ("Plaintiffs") filed an opposition. (ECF No. 22.) Defendants filed a reply. (ECF No. 23.) After carefully considering both parties' briefing, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss. (ECF No. 20.)

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The claims in this case arise from Defendants' alleged conduct in connection with Plaintiffs' residential mortgage loan modification applications. Plaintiffs purchased their home located at 6504 Upland Court, Rocklin, CA 95677 ("the Subject Property") in 1999. (ECF No. 19 ¶ 12.) In 2006, Plaintiffs refinanced their home and continued to make mortgage payments until January 2013. (ECF No. 19 ¶¶ 12–15.) At the beginning of 2013, Plaintiffs stopped making mortgage payments due to financial troubles. (ECF No. 19 ¶ 14.) Fortunately, Plaintiffs' financial situation improved later that year and Plaintiffs sought a loan modification with Defendants. (ECF No. 19 ¶ 16.) In November 2013, Plaintiffs offered to make a lump-sum payment to clear up their arrearages. (ECF No. 19 ¶ 17.) However, Wells Fargo representative Gregory Foster told Plaintiffs they should not make that lump-sum payment because it would prevent Plaintiffs from receiving a HAMP loan modification with a 2% interest rate. (ECF No. 19 ¶ 17.)

Over the next two years, Plaintiffs repeatedly submitted paperwork for a loan modification to no avail. (ECF No. 19 ¶ 23.) Despite submitting several completed loan modification packets at Wells Fargo's instruction, the documents were either not received or Plaintiffs were told "the review process need[ed] to be restarted for any number of reasons." (ECF No. 19 ¶ 23.) One such time, beginning in February 2014, Wells Fargo sent Plaintiffs a loan modification package encouraging them to apply for mortgage assistance. (ECF No. 19 ¶ 24.) By April 2014, Plaintiffs had submitted a completed HAMP modification application. (ECF No. 19 ¶ 25.) On June 25, 2014, Plaintiffs received an official denial letter for their HAMP loan modification from Wells Fargo. (ECF No. 19 ¶ 26.) However, Plaintiffs contend it was an erroneous denial because it relied on incorrect gross income figures. (ECF No. 19 ¶¶ 26–29.) Further, Wells Fargo did not correct its calculations of Plaintiffs' monthly income, despite Plaintiffs informing them of the error. (ECF No. 19 ¶¶ 28–30.)

Subsequently, in September 2014 Plaintiffs submitted a new loan modification application. (ECF No. 19 ¶ 31.) Wells Fargo claimed they never received this application. (ECF No. 19 ¶ 32.) Plaintiffs tried contacting Wells Fargo again in January 2015 and were told to

submit another loan modification application.  (ECF No. 19 ¶ 32.)   After doing so, they received a letter from Wells Fargo representative Stephanie Johnson informing Plaintiffs their application had been received.  (ECF No. 19 ¶ 36.)  In May 2015, Ms. Johnson sent Plaintiffs a letter stating certain required documentation was missing from their loan modification application.  (ECF No. 19 ¶ 39.)  Shortly thereafter, on June 5, 2015, Wells Fargo caused a Notice of Trustee's Sale to be recorded and scheduled a sale of Plaintiffs' home for July 1, 2015.  (ECF No. 19 ¶ 40.)  Throughout June 2015, Plaintiffs made multiple attempts to contact Wells Fargo's representatives regarding the scheduled sale date of their home.  (ECF No. 19 ¶ 41.)  After finally being able to speak with a representative, Plaintiffs were informed that their loan modification would be opened and the requested sale date would be postponed.  However, to effectuate this, Plaintiffs would need to send in some additional documents.  (ECF No. 19 ¶ 43.)  Plaintiffs were never provided with this list of documents despite repeated attempts to contact a Wells Fargo representative.  (ECF No. 19 ¶¶ 43–46.)  Without any meaningful progress in contacting Wells Fargo prior to the July 1 sale date, Plaintiffs filed suit in Superior Court of Placer County.  (*See* ECF No. 1-1.)

## II. PROCEDURAL HISTORY

On June 23, 2015, Plaintiffs filed a Complaint in the Superior Court of Placer County against Defendants.  (ECF No. 1-1.)  Plaintiffs applied for, and were granted, a Temporary Restraining Order ("TRO") enjoining the foreclosure of the Subject Property.  (ECF No. 1-2.)  On August 14, 2015, Defendants filed a Notice of Removal.  (ECF No. 1.)  On August 20, 2015, Defendants moved to dismiss all Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 4.)  In response, Plaintiffs filed a Motion for Preliminary Injunction on August 24, 2015, and an Opposition to the Motion to Dismiss on October 17, 2015.  (ECF Nos. 5 & 8.)

Ruling on these motions, the Court explained that Plaintiffs had not stated a claim for relief for violation of Cal. Civ. Code §2923.6 because there were no allegations of material changes in Plaintiffs' financial circumstances since the previous 2011 Modification Agreement.[1]

---

[1] Defendants have requested the Court to take Judicial Notice of three documents: a June 14, 2011 loan

(ECF No. 18 at 16–17.) Additionally, the Court stated that Plaintiffs had not alleged a claim for relief for violation of Cal. Civ. Code §2923.7 because there were no allegations indicating the alleged violation caused actual damage. (ECF No. 18 at 20.) Accordingly, the Court denied in part and granted in part Defendants' Motion to Dismiss and granted Plaintiffs' Motion for Preliminary Injunction. (ECF No. 18.)

Subsequently, on March 29, 2017, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF No. 19.) On April 4, 2017, Defendants again filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) Plaintiff opposes this motion. (ECF No. 22.)

### III. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

---

modification signed by Plaintiffs and two loan modification request denial letters sent by Defendants to Plaintiffs in August 2015. (ECF No. 20-1 at 2.) The Court finds it unnecessary to consider these documents to determine this motion. As a result, Defendants' Request for Judicial Notice is DENIED. (ECF No. 20-1.)

4

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**IV. ANALYSIS**

Plaintiffs allege seven different causes of action. (ECF No. 19.) However, Defendants move to dismiss only Plaintiffs' Fifth and Sixth Causes of Action. Under the Fifth Cause of Action, Plaintiffs allege that Defendants violated California Civil Code § 2923.6 ("Dual–Tracking") when they caused a Notice of Trustee's Sale to be filed while Plaintiffs had a loan modification application under review. (ECF No. 19 ¶ 88.) The Sixth Cause of Action alleges Defendants violated California Civil Code § 2923.7 because Wells Fargo failed to provide a Single Point of Contact. (ECF No. 19 ¶ 95.)

### A. Violation of Civil Code §2923.6 (Claim V)

Defendants assert that § 2923.6 does not apply to Plaintiffs because they accepted and then defaulted on a prior loan modification. (ECF No. 20 at 4.) Further, Defendants contend that this prior default allowed them to move forward with foreclosure because Plaintiff had no further protections against "dual tracking" under § 2923.6. (ECF No. 20 at 4.)

In response, Plaintiffs first assert, without citation, that Defendants clearly violated the statute because Defendants chose to perform the review. (ECF No. 22 at 4.) Next, Plaintiffs claim that their loan modification application included information relating to a material change in their financial circumstances in 2012–2013 which would prevent Defendants from engaging in "dual tracking." (ECF No. 22 at 4.) Specifically, Plaintiffs allege in the FAC that they filed a complete loan modification agreement that "included documentation of material changes in their financial circumstances." (ECF No. 19 ¶ 86.) Further, Plaintiffs explain that "[t]hese changes included significantly decreased income in 2012–2013 that caused Plaintiffs to fall behind on their payments and a subsequent improvement in Plaintiffs' financial condition in or around late 2013." (ECF No. 19 ¶ 86.)

Defendants respond by claiming that this new allegation of material change is insufficient. (ECF No. 20 at 5.) Specifically, Defendants assert that "[t]here is absolutely no indication in the FAC that there was a material change in financial circumstances documented in the February 2015 application since the date of [Plaintiffs'] previous application in September 2014." (ECF

No. 20 at 5 (internal quotations omitted).)

Under California's Homeowner's Bill of Rights ("HBOR"), a mortgage servicer mortgagee, trustee beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the [borrower's] complete first lien modification application is pending." Cal. Civ. Code § 2923.6(c). However, if "[t]he borrower accepts a written first lien modification, but defaults on, or otherwise breaches the borrower's obligations under the first lien loan modification" the servicer may record a notice of default or notice of sale or conduct a trustee's sale. Cal. Civ. Code § 2923.6(c)(3). Additionally, there is no obligation on the mortgage servicer to consider a loan modification application from a borrower who has already been given a fair opportunity to be evaluated for a loan modification, "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's *previous application* and that change has been documented by the borrower and submitted to the mortgage servicer." *Gilmore v. Wells Fargo N.A.*, 75 F.Supp.3d 1255 (N.D. Cal. 2014) (quoting Cal. Civ. Code § 2923.6 (emphasis added)).

Plaintiffs obtained a loan modification from Defendants in 2011. (ECF No. 18 at 16–18.) Thus, this case involves Plaintiffs' attempts to obtain a *second* loan modification from 2013–2015. (ECF No. 19 ¶¶ 14–46.) Therefore, to properly allege that Defendants engaged in prohibited "dual-tracking," Plaintiffs must allege that they provided Defendants with documentation of a material change in their financial circumstances between the 2015 application and the *previous* application.

Here, Plaintiffs allege that they submitted a complete loan modification application in February 2015 detailing a material change in their financial circumstances in 2012–2013. (ECF No. 19 ¶¶ 35, 86.) However, Plaintiffs ignore the fact that they submitted a loan modification application in 2014, which was denied.[2] (ECF No. 19 ¶ 26.) Therefore, as alleged, Plaintiffs'

---

[2] The Court recognizes Plaintiffs' claim that this application was erroneously denied because of a mathematical error. (ECF No. 19 ¶¶ 26–28.) However, this allegation alone does not demonstrate that Plaintiffs were not afforded a fair opportunity for review. *See e.g. Alvarez v. Nationstar Mortg. LLC*, No. 15-CV-04204-BLF, 2017 WL 1153029, at *7 (N.D. Cal. Mar. 28, 2017) (explaining that a plaintiff's application was not afforded fair opportunity for review when he was informed the application was complete, but was later denied for an incomplete application).

7

2015 loan modification application did not contain documentation of a material change in Plaintiffs' financial circumstance since the *previous* loan modification application in 2014. *Withers v. J.P. Morgan Chase Bank N.A.*, No. C 14-0351 SBA, 2014 WL 3418367, at *4 (N.D. Cal. July 11, 2014) (stating that the plaintiff must allege a material change in financial circumstances since the date of the denial of the last loan modification application to impose the requirement that the servicer must review the application); *see also Morton v. Wells Fargo Bank, N.A.*, No. 16-CV-05833-HRL, 2016 WL 7117041, at *3–4 (N.D. Cal. Dec. 7, 2016) (stating that the bank had no obligation to review the plaintiff's loan modification application because the plaintiff failed to adequately allege a material change in financial circumstances since the date of the last application). Accordingly, Plaintiffs have failed to allege sufficient facts to demonstrate that Defendants were required to review Plaintiffs' loan modification application and thus Defendants actions constituted "dual-tracking."

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." A district court is "only required to grant leave to amend if a complaint can possibly be saved.*" Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). If amendment would be futile, "there [is] no need to prolong the litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

Leave to amend Plaintiffs' claim under § 2923.6 would be futile. Plaintiff explicitly alleges that the loan modification application submitted in February 2015 contained documentation of a material change in Plaintiffs' financial circumstances in 2012–2013. (ECF No. 19 ¶ 86.) This language is a concession from Plaintiffs that the only material change documented in the 2015 loan modification application was the one occurring from 2012–2013. Accordingly, Plaintiffs cannot allege facts that the loan modification application submitted in 2015 contained documentation of a material change in Plaintiffs' financial circumstances since the previous 2014 application. *See Lopez,* 203 F.3d at 1122, 1129. As explained above, without this allegation, Plaintiffs' claim under § 2923.6 cannot be saved.

Therefore, the Court finds that Plaintiffs have not stated a claim for violation of § 2923.6. Defendants' Motion to Dismiss Plaintiffs' Fifth Cause of Action is GRANTED with prejudice.

B.     Violation of Civil Code § 2923.7 (Claim VI)

Defendants assert that Plaintiffs' claim for failure to provide a Single Point of Contact fails because the code section explicitly authorizes a team to serve as the Single Point of Contact. (ECF No. 20 at 6.) Plaintiffs counter by stating that it was not the fact that a team was assigned as the Single Point of Contact, but rather, the violation of § 2923.7 is rooted in the fact that this "team" failed to comply with the statutory obligations imposed upon them. (ECF No. 22 at 5–6.) Defendants respond by claiming that, even if a violation of § 2923.7 occurred, Plaintiffs have failed to plead facts demonstrating the violation was "material." (ECF No. 20 at 7; ECF No. 23 at 2.)

Under § 2923.7, the Single Point of Contact or team assigned to represent the Single Point of Contact have numerous statutory obligations imposed upon them that must be complied with. *See Hernandez v. Specialized Loan Servicing, LLC*, No. CV 14-9404-GW JEMX, 2015 WL 1401784, at *4 (C.D. Cal. Mar. 23, 2015). The obligations include: (1) communicating the process by which the borrower may apply for foreclosure prevention; (2) coordinating receipt of documents and notifying the borrower of missing documents; (3) having access to the necessary information to inform the borrower of the current status of the foreclosure prevention alternative; (4) ensuring the borrower is considered for all foreclosure prevention alternatives; and (5) having access to individuals with the ability to stop the foreclosure process when necessary. Cal. Civ. Code § 2923.7.

Here, Plaintiffs have specifically alleged that they were told their loan modification application would be opened and the sale would be postponed as long as they provided Defendants with the necessary documents. (ECF No. 19 ¶¶ 43–44.) However, Plaintiffs were never informed of the specific documents that were needed because the alleged Single Point of Contact hung up on Plaintiffs twice. (ECF No. 19 ¶¶ 43– 44.) Further, even after attempting to contact their "main" point of contact Stephanie Johnson, Plaintiffs were still not provided with a list of the required documents to start the loan modification process and stop the foreclosure sale. (ECF No. 19 ¶¶ 44–46.) These are clear violations of § 2923.7, specifically, the section requiring the Single Point of Contact to notify the borrowers of missing documents. Cal. Civ. Code §

9

2923.7(b)(2).

Defendants' response to this violation is that it was not "material" because there are no allegations that the violation caused Defendants to deny Plaintiffs' loan modification request. (ECF No. 20 at 7.) This argument is unavailing. A material violation under the HBOR occurs when "the alleged violation affected plaintiff's loan obligations or the modification process." *Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017) (quoting *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015)).

Plaintiffs specifically allege that, as a result of Defendants' violation of § 2923.7, they were "forced to linger in the loan modification process longer than should have been necessary and that [their] loan modification applications were not properly evaluated." (ECF No. 22 at 6.) Additionally, Plaintiffs allege they were denied modification because of the failure to provide them with a list of the necessary documents. (ECF No. 22 at 6.)

These allegations are sufficient to demonstrate that by not being provided with a list of the necessary documents to start the loan modification process, Plaintiffs' loan modification process was affected. *See Hsin-Shawn Sheng v. Select Portfolio Servicing, Inc.*, No. 2:15-CV-0255-JAM-KJN, 2015 WL 4508759, at *3 (E.D. Cal. July 24, 2015) (stating that allegations of a bank's failure to provide important information and written receipt of the information was sufficient to allege the loan modification process had been affected). Thus, Plaintiffs have sufficiently pleaded facts indicating the alleged violations of § 2923.7 were material.

The Court finds that Plaintiffs have stated a claim for violation of § 2923.7. Thus, Defendants 'motion to dismiss Plaintiffs' Sixth Cause of Action is DENIED.

**V.    CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Defendants' Motion to Dismiss Claim 1 is GRANTED with prejudice
2. Defendants' Motion to Dismiss Claim 2 is DENIED.

///

///

///

10

This case is now ready for scheduling.  The parties are hereby ordered to file a Joint Status Report within thirty (30) days of this Order.

    IT IS SO ORDERED.

Dated: December 11, 2017

Troy L. Nunley
United States District Judge